DR. HARSHAD PATEL
3725 GEORGE BUSBEE PARKWAY
UNIT #1102
KENNESAW, GA 30144
732 319 3055
Harshadpatel0111@gmail.com

RICHARD ARJUN KAUL, MD
440c SOMERSET DRIVE
PEARL RIVER, NY 10965
201 989 2299
drrichardkaul@gmail.com

The Honorable Brian R. Martinotti
District Judge
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re: Kaul/Feldman v Federation et al. – K5
    Patel v Crist: 19-CV-08946 – P1
    Patel v Allstate: 19-CV-09232 – P2
    Kaul v Christie: 16-CV-02364 – K1
    Kaul v Christie: 18-CV-08086 – K2
    Kaul v Schumer: 19-CV13477 – K3
    **PETITION FOR JUDICIAL DISQUALIFICATION OF JUDGE/DEFENDANT MARTINOTTI.**

Dear Judge Martinotti,

Please this letter as our motion to have you immediately disqualified from the above cases. The law and facts that mandate your disqualification are as below:

**Law:**
The same law upon which Kaul moved (D.E. 334 Page ID 8591), and this Court caused, the disqualification on May 22, 2019 of Judge Kevin McNulty, is the law upon which your disqualification is founded. It is:

**28 U.S.C. § 455 states:**

A. **455(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned**

1

B. 455(b)(1) He shall also disqualify himself in the following circumstances: Where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding:
C. 455(b)(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it:
D. 28 U.S.C. § 455 (b)(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.
E. 28 U.S.C. § 455 (e) Waiver of Disqualification.

## 28 U.S.C. § 144 states:

A. 28 U.S.C. § 144 Whenever a party to a proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

B. Kaul's application for disqualification is timely:

## Facts:

1. On <u>July 31, 2019</u> you admitted to twenty-seven (27) facts (D.E. 387 Page ID 9352 to Page ID 9372) that include, amongst other things, the fact that you did willingly, knowingly and with forethought of concealment, engage in schemes of bribery, judicial corruption and ex-parte communications with the defendants, purposed to obstruct justice and the prosecution of the above cases (**Exhibit 1**).
2. On <u>August 22, 2019</u> a writ of mandamus was filed in the United States Court of Appeals for the Third Circuit (D.E. 393 Page ID 9406), that seeks to have all judges in the district court be ordered to disclose their financial holdings and conflicts of interest. Detailed in the petition are acts that constitute your "**pattern of racketeering**": "**Judge Martinotti and the defendants conspired to have the motions neither granted, nor denied, as the former would strip them of all of their assets and would provide the predicate for**

criminal proceedings ... The opinion/order entered by Judge Martinotti contains knowingly fraudulent statements, as evident in 'The Martinotti Misrepresentations'" (D.E. 393 Page ID 9427). An example of Judge Martinotti's extensive pattern of fraud can be found on Page ID 9451, "**Martinotti: D.E. 385 Page ID 9332 Page 3 Footnote 3** - **Upon termination of the twenty-two motions for summary judgment, the Court confirmed that Kaul's Motion for Reconsideration was the only motion before the Court. (See id.) Defendants and Kaul agreed.**" – False. **Kaul:** Kaul did not admit/agree that 'The McNulty Analysis' was pending motion for reconsideration. The exchange with the district court is as follows: "THE COURT: So there's a motion, I'm going to say, addressing the McNulty analysis which dismissed the federal claims. Is that a fair way to say that? MR. KAUL: I would say it's a response to the McNulty analysis.".

3. On October 1, 2019, a complaint was filed in the United States District Court for the District of Columbia, in which you are a defendant, accused of having converted the United States Court for the District of New Jersey into a racketeering enterprise: COUNT THREE: VIOLATIONS OF 18 U.S.C. § 1962(C)-(D) THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1961, ET SEQ. The prequel (para. 53) to the legal charge is, "The defendants bribed Defendant Martinotti to obstruct Kaul's prosecution of K1 and dismiss the case. Defendant Martinotti conducts his interstate business out of the States of New Jersey and the District of Columbia." (**Exhibit 2**). Please note that the provision of the complaint as the contents of this exhibit, constitute service of process.
4. On October 4, 2019, in K4, Kaul submitted a petition for revision of the denial by the United States Court of Appeals for the Third Circuit, in which he identified your misconduct with regards to Kaul's twenty-two (22) motions for summary judgment. Instead of adjudicating the motions on June 26, 2019, you administratively terminated them, for the purposes of what you knew was your continuance of the misconduct that underpinned the disqualification of Judge McNulty i.e. corruption of the federal judiciary by the defendants (**Exhibit 3**). Kaul also indicated to the Court that he would be **"requesting that the U.S. Attorney investigate both this Court and the District of New Jersey for acts of judicial and or public corruption."**

Judge McNulty disqualified himself, **"... but does counsel caution going forward ... I will request that the remainder of this case be reassigned to another district judge."** (D.E. 340 Page ID8673). This is the standard to which Judge Martinotti must adhere.

The above facts, law and this Court's obligation to maintain conduct consistent with its prior rulings, mandate that Defendant Martinotti be immediately disqualified from the above cases, and that his prior orders be immediately vacated.

Plaintiffs Kaul and Patel move the Chief Judge of the District of New Jersey to immediately transfer the above cases out of this court, as there now exists admitted evidence that the court has been corrupted by the defendants, and will very likely come under criminal investigation.

We thank you for your attention to this matter.

3

Yours sincerely

Richard Arjun Kaul, MD

Dr. Harshad Patel

10/07/2019

cc: All Counsel via e-mail
   Judge Joseph Dickson
   The United States Court of Appeals for the Third Circuit
   The United States Supreme Court
   The United States Department of Justice, Washington, D.C.

4