Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. HARSHAD PATEL and RICHARD ARJUN KAUL, M.D., *Plaintiffs*, v. RICHARD CRIST, et al., *Defendants*. | Civil Action No. 19-9232 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

Presently pending before the Court are motions to dismiss filed by (1) Allstate Insurance Company ("Allstate"), Allstate New Jersey Insurance Company ("Allstate NJ"), Richard Crist and Benjamin Hickey (collectively, the "Allstate Defendants"), D.E. 38, and (2) the State of New Jersey, Office of the New Jersey Attorney General and Judge Kenneth J. Grispin (ret.) (collectively, the "State Defendants"), D.E. 40. Plaintiffs filed a letter in opposition to the motions, D.E. 58, to which Defendants replied, D.E. 64, 65. The Court reviewed the submissions made in support and opposition to the motions and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).[1] For the reasons that follow, Defendants' motions are **GRANTED**.

---

[1] The Allstate Defendants' brief in support of their motion to dismiss, D.E. 39, will be referred to as "Allstate Def. Br."; the State Defendants' brief in support of their motion to dismiss, D.E. 40-1, will be referred to as "State Def. Br."; Plaintiffs' letter in opposition, D.E. 58, will be referred to as "Plf. Opp."; the State Defendants' reply brief, D.E. 64, will be referred to as "State Def. Reply"; and the Allstate Defendants' reply brief, D.E. 65, will be referred to as "Allstate Def. Reply".

I. **INTRODUCTION**[2]

Briefly, Plaintiffs allege that Defendants are engaged in a twenty-two-year conspiracy to discriminate against healthcare providers of Indian citizenship or descent. Plaintiff Patel is a healthcare provider who emigrated from India to the United States and Plaintiff Kaul is a physician who is an Indian citizen and a permanent resident of the United States. Compl. at 1. Plaintiffs allege that they have been victims of Defendants' on-going conspiracy.

Plaintiffs filed the instant Complaint against Defendants on February 12, 2019 in the Northern District of Georgia. D.E. 1. The Complaint asserts claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981(a), 42 U.S.C. § 1985(2), and 42 U.S.C. § 1986. On February 15, 2019, the district judge entered an order requiring Plaintiffs to show cause why venue was proper in the Northern District of Georgia. D.E. 4. After considering the parties' responses to the order to show cause, the district court determined that the Northern District of Georgia was an improper venue. This matter was then transferred to the District of New Jersey on April 2, 2019.[3] D.E. 23. Defendants subsequently filed their motions to dismiss on May 24, 2019, seeking to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). D.E. 38, 40.

Plaintiffs filed a letter in opposition to both motions to dismiss. The letter provides additional examples of Judge Grispin's alleged involvement in the conspiracy to racially profile medical providers of Indian descent, states that Defendants "have engaged in racial profiling," and

---

[2] The facts are derived from Plaintiffs' Complaint. D.E. 1. When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] When this case was transferred, it was initially assigned to Judge McNulty. On May 22, 2019, Judge McNulty prospectively recused himself from this matter and three related cases due to a perceived conflict of interest. D.E. 37. All four matters were transferred to Judge Martinotti on June 5, 2019. D.E. 42. The four matters were transferred to the undersigned on December 19, 2019, due to a conflict of interest with Judge Martinotti. D.E. 79.

2

includes a list of nine physicians who have allegedly been harmed by the conspiracy. Plf. Opp., D.E. 58. Plaintiffs' opposition letter, however, fails to address any of Defendants' arguments as to dismissal. After the motions to dismiss were filed, Plaintiffs also submitted a number of letters and certifications on the docket that, among other things, appear to provide additional factual support for Plaintiffs' claims. D.E. 46, 47, 59, 60. Again, in each of these submissions, Plaintiffs do not counter any of Defendants' arguments for dismissal in this matter. The Allstate Defendants and State Defendants also filed reply briefs. D.E. 64, 65.

## II. LEGAL STANDARD

### A. 12(b)(1)

In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). For a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). The burden is on the plaintiff to prove the Court has jurisdiction. *Id.*

Here, the State Defendants assert the defense of sovereign immunity based on the pleadings, thereby raising a facial attack. *See Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at *3 (D.N.J. July 15, 2015). Moreover, the Allstate Defendants argue that, as pled, Plaintiffs lack standing to assert their claims. Thus, the Allstate Defendants also raise a facial

3

attack. *See Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 320 (3d Cir. 2018) (explaining that challenge to standing before answer was filed is "by definition, a facial attack"). Accordingly, when addressing the parties' arguments as to subject matter jurisdiction the Court limits its review to the Complaint.

### B. Rule 12(b)(6)

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III. ANALYSIS

#### A. Immunities

##### 1. Sovereign Immunity

The State Defendants argue that they are entitled to sovereign immunity, such that the Complaint should be dismissed as to them in its entirety.[4] State Def. Br. at 8-11. The Eleventh

---

[4] A motion to dismiss based upon sovereign immunity is properly brought pursuant to Rule

4

Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Courts have interpreted the Eleventh Amendment as affirming "the fundamental principle of sovereign immunity" as a limit on a federal court's authority. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). Accordingly, the Eleventh Amendment bars all private suits against non-consenting States in federal court. *Lombardo v. Pa., Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008) (citing *Hans v. Louisiana,* 134 U.S. 1, 10 (1890)); *see Pennhurst*, 465 U.S. at 101. The bar extends to state employees acting in their official capacities, in addition to agencies and departments of the state. *See Pennhurst*, 465 U.S. at 101.

Although there are three exceptions to sovereign immunity, none apply in this case. First, "Congress may abrogate state sovereign immunity in the exercise of its power to enforce the Fourteenth Amendment." *Antonelli v. New Jersey*, 310 F. Supp. 2d 700, 713 (D.N.J. 2004). It is clear, however, that Congress did not abrogate states' sovereign immunity in enacting any of the statutes raise here. *See Bennett v. City of Atlantic City*, 288 F. Supp. 2d 675, 683-84 (D.N.J. 2003) (explaining that Congress did not abrogate State immunity when enacting 42 U.S.C. §§ 1981, 1983 or 1985); *Tucker v. Sebelius*, No. 12-5900, 2013 WL 6054552, at *7 (D.N.J. Nov. 15, 2013) (stating that the doctrine of sovereign immunity barred the plaintiff's § 1986 claims). Second, a state may waive sovereign immunity by consenting to suit in federal court by "invok[ing] [its] jurisdiction by bringing suit," or by making "a clear declaration that it intends to submit itself to [federal court] jurisdiction." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503-04 (3d Cir.

---

12(b)(1) because sovereign immunity implicates the Court's subject matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.").

5

2001). Plaintiffs do not argue, and there is no indication that New Jersey waived its sovereign immunity here. Under the third exception, the *Ex Parte Young* doctrine, "individual state officers can be sued in their individual capacities for prospective injunctive and declaratory relief to end continuing or ongoing violations of federal law."[5] *MCI Telecomm. Corp.*, 271 F.3d at 506 (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)). Plaintiffs, however, do not seek prospective injunctive or declaratory relief. Therefore, the State of New Jersey, the Office of the New Jersey Attorney General and Judge Grispin, in his official capacity, are immune from claims asserted in this suit. Thus, these Defendants are dismissed with prejudice pursuant to Rule 12(b)(1).

## 2. Judicial Immunity

The State Defendants also argue that Plaintiffs' claims against Judge Grispin must be dismissed pursuant to the doctrine of judicial immunity. State Def. Br. at 13-16. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (citations omitted).

Plaintiffs allege that Judge Grispin assigned every Allstate case to himself while on the bench and used his authority as a judge to procure bribes from Allstate. Compl. at 7-8. Plaintiffs also allege that as the presiding Judge of Union County, Judge Grispin had the power to expose

---

[5] The theory of the *Ex Parte Young* doctrine is that a claim for prospective relief for an ongoing violation of federal law is "not an action against the state because the [alleged violation] would strip the officer of his official authority." *MCI Telecomm. Corp.*, 271 F.3d at 506 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 103 (1984)).

6

Allstate's crimes but failed to do so. *Id.* at 20; *see also* Plf. Opp. at 2 (outlining additional allegations as to Judge Grispin's wrongful conduct while acting as a Superior Court judge). Thus, Plaintiffs' allegations pertain to Judge Grispin's actions as while performing his judicial duties. Moreover, Plaintiffs' allegations against Judge Grispin cannot be construed as actions taken in the clear absence of jurisdiction. As a result, Judge Grispin is entitled to absolute judicial immunity; the Complaint is also dismissed as to Judge Grispin on these grounds.

### B. Standing

The Allstate Defendants[6] contend that the Complaint must be dismissed for lack of subject matter jurisdiction because Plaintiffs fail to establish that they suffered an injury-in-fact. Allstate Def. Br. at 25-26.

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Standing to sue is a "[c]omponent of the case-or-controversy" requirement. *Id.* Thus, a court must dismiss a case for lack of subject matter jurisdiction if a plaintiff lacks Article III standing. *Finkelman v. Nat'l Football League*, 810 F.3d 187, 195 (3d Cir. 2016). To establish Article III standing, a plaintiff "must demonstrate '(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision.'" *Id.* at 193 (quoting *Neale v. Volvo Cars of N. Am., LLC,* 794 F.3d 353, 358–59 (3d Cir. 2015) (internal quotation marks omitted and punctuation modified)). The first element, an injury-in-fact, requires that a plaintiff show "'the invasion of a concrete and particularized legally protected interest' resulting in harm 'that is actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Blunt*

---

[6] Because the State Defendants are dismissed from this matter with prejudice as a result of sovereign and judicial immunity. The Court only considers the claims asserted against the Allstate Defendants for the remainder of this opinion.

7

*v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014)). Moreover, a plaintiff "must clearly and specifically set forth facts sufficient to satisfy . . . standing" as "a federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).

In this instance, Plaintiffs allege that they have been victimized by Defendants' discriminatory scheme. Plaintiffs allege that Allstate withheld payment for medical services that Plaintiffs provided to patients, and then falsely accused Plaintiffs of engaging in insurance fraud. As a result, Plaintiffs allege that they have not been paid by Allstate, their medical licenses were revoked, and that they have been subject to legal harassment. Compl. at 15. These allegations sufficiently plead that Plaintiffs suffered an injury-in-fact.

### C. Failure to State a Claim

The Allstate Defendants also argue that the Complaint should be dismissed pursuant to Rule 12(b)(6).

#### 1. Count One - Section 1983

The Allstate Defendants argue that Plaintiffs' § 1983 claim must be dismissed because they are not state actors. Allstate Def. Br. at 13-15. Section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. County of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013). Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person

deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). A person "acting under color of state law" is a person whose power is derived from state law or whose action is "made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks omitted).[7]

Here, Plaintiffs acknowledge that Allstate is a private corporation. Compl. at 7. Moreover, outside of the conclusory allegation that Allstate is acting in collusion with the State of New Jersey, Plaintiffs fail to plead any facts by which the Court could conclude that any of Allstate actions could be construed as state action. While not explicitly named in Count One, the Complaint also fails to include any facts suggesting that Defendants Crist, Hickey[8] and Allstate NJ are state actors. Accordingly, Count One is dismissed as to the Allstate Defendants.

### 2. Count Two - Section 1981

Section 1981 provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). To state a § 1981 claim, a plaintiff must allege that (1) he "is a member of a racial minority; (2) intent to discriminate on the basis of the race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes

---

[7] The terms "under color of law" and "state action" are interpreted identically. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

[8] Defendants Crist and Hickey were employees of Allstate NJ and Allstate, respectively. Compl. at 7.

9

the right to make and enforce contracts." *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). Plaintiffs allege that, in part, because of their Indian ethnicity, Plaintiffs became a target of Allstate's racial profiling policy. Compl. at 14-15. But Plaintiffs' Complaint is devoid of facts to substantiate the conclusory allegations. "[M]ere awareness [of the plaintiff's race], particularly in light of the conclusory nature of [the plaintiff's] other allegations, is patently insufficient to raise an inference of discrimination under § 1981." *Holmes v. Fed Ex*, 556 F. App'x 150, 151 (3d Cir. 2014). Count Two is therefore dismissed.

### 3. Count Three – Section 1985(2)

In Count Three, Plaintiffs assert a claim pursuant to 42 U.S.C. § 1985(2), which is "intended to protect potential witnesses and jurors, as well as parties to . . . litigation." *D & D Assocs., Inc. v. Bd. of Educ. of N. Plainfield*, No. 03-1026, 2007 WL 4554208, at *14 (D.N.J. Dec. 21, 2007). To state a claim under Section 1985(2), Plaintiffs must, among other things, set forth facts from which a conspiratorial agreement between the defendants can be inferred." *Parrott v. Abramsen*, 200 F. App'x 163, 165 (3d Cir. 2006). Civil rights conspiracies "require a 'meeting of the minds,' and to survive a motion to dismiss, plaintiffs must provide some factual basis to support the existence of the elements of a conspiracy, namely agreement and concerted action." *Voth v. Hoffman*, No. 14-7582, 2016 WL 7535374, at *9 (D.N.J. Apr. 28, 2016) (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008)). Plaintiffs fail to do so here. Plaintiffs plead in a conclusory manner that Allstate acted "in collusion and conspiracy with Defendant State of New Jersey." Compl. at 19. Plaintiffs provide no other factual allegations through which the Court could plausibly infer that there was an agreement between Allstate and the State of New Jersey. Moreover, Plaintiffs' allegations to substantiate the conspiracy are implausible. Plaintiffs contend that Allstate communicated with the State of New Jersey through secret computer servers, and

10

bribed New Jersey state judges in Morris and Union counties to further the scheme. But outside of these conclusory allegations, Plaintiffs' Complaint is devoid of factual allegations to substantiate their claims. As a result, Count Three is dismissed.

### 4. Count Four – Section 1986

"In order to maintain a cause of action under § 1986, the plaintiffs must show the existence of a § 1985 conspiracy." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994). Because Plaintiffs fail to plead a claim for a Section 1985 conspiracy, Plaintiffs' claim for a § 1986 conspiracy also fails. Accordingly, Count Four is dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss, D.E. 38, 40, are **GRANTED**. Plaintiffs shall have thirty (30) days to file an amended complaint, which cures the deficiencies noted herein. However, the State of New Jersey, the Office of the New Jersey Attorney General, and Judge Grispin, in his official capacity, are dismissed with prejudice. If Plaintiffs do not file an amended pleading, the dismissed claims will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: January 7, 2020

John Michael Vazquez, U.S.D.J.