**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. HARSHAD PATEL and RICHARD ARJUN KAUL, M.D., <br><br> *Plaintiffs*, <br><br> v. <br><br> RICHARD CRIST, et al., <br><br> *Defendants*. | Civil Action No. 19-9232 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

Presently pending before the Court are motions to dismiss filed by (1) Allstate Insurance Company ("Allstate"), Allstate New Jersey Insurance Company ("Allstate NJ"), Richard Crist and Benjamin Hickey (collectively, the "Allstate Defendants"), D.E. 90, and (2) the State of New Jersey, Office of the New Jersey Attorney General and Judge Kenneth J. Grispin (ret.) (collectively, the "State Defendants"), D.E. 91.  Plaintiffs filed a letter in opposition to the motions, D.E. 95, to which Defendants replied, D.E. 96, 97.  The Court reviewed the submissions made in support and opposition to the motions and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).[1]  For the reasons that follow, Defendants' motions are **GRANTED**.

---

[1] The Allstate Defendants' brief in support of their motion to dismiss, D.E. 92, will be referred to as "Allstate Def. Br."; the State Defendants' letter brief in support of their motion to dismiss, D.E. 90-1, will be referred to as "State Def. Br."; Plaintiffs' letter in opposition, D.E. 95, will be referred to as "Plfs. Opp."; the State Defendants' reply brief, D.E. 97, will be referred to as "State Def. Reply"; and the Allstate Defendants' reply brief, D.E. 96, will be referred to as "Allstate Def. Reply".

1

## I.    FACTUAL[2] AND PROCEDURAL BACKGROUND

Briefly, Plaintiffs allege that Defendants are engaged in a twenty-two-year conspiracy to discriminate against healthcare providers of Indian citizenship or descent. Plaintiff Patel is a healthcare provider who emigrated from India to the United States and Plaintiff Kaul is a physician who is an Indian citizen and a permanent resident of the United States. Am. Compl. at 1. Plaintiffs allege that they have been victims of Defendants' on-going conspiracy.

Plaintiffs filed their initial Complaint against Defendants on February 12, 2019 in the Northern District of Georgia. D.E. 1. The Complaint asserts claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981(a), 42 U.S.C. § 1985(2), and 42 U.S.C. § 1986. On February 15, 2019, the district judge entered an order requiring Plaintiffs to show cause why venue was proper in the Northern District of Georgia. D.E. 4. After considering the parties' responses to the order to show cause, the judge determined that the Northern District of Georgia was an improper venue. This matter was transferred to the District of New Jersey on April 2, 2019. D.E. 23.

Defendants subsequently filed their motions to dismiss on May 24, 2019, seeking to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). D.E. 38, 40. On January 7, 2020, this Court granted Defendants' motions to dismiss. D.E. 80, 81. The Complaint was dismissed with prejudice as to the State Defendants pursuant to Rule 12(b)(1), and the claims against the Allstate Defendants were dismissed pursuant to Rule 12(b)(6). Plaintiffs were granted leave to file an amended complaint as to the Allstate Defendants. *Id*. Plaintiffs filed their Amended Complaint on February 12, 2020. D.E. 85. Defendants subsequently filed the instant motions to dismiss. D.E. 90, 91. Plaintiffs filed a letter in opposition to both motions but

---

[2] The facts are derived from Plaintiffs' Amended Complaint ("Am. Compl."). D.E. 85. When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

fail to address any of Defendants' arguments as to dismissal. Rather, in the letter, Plaintiffs provide a list of doctors who were allegedly prosecuted for insurance fraud, many of which are of Indian descent. D.E. 95. Defendants filed briefs in reply. D.E. 96, 97.

## II.  LEGAL STANDARD

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

Because Plaintiffs are proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III. ANALYSIS

#### A. State Defendants' Motion

As discussed, Plaintiffs' claims against the State Defendants were dismissed with prejudice pursuant to Rule 12(b)(1). D.E. 81. Plaintiffs, however, include claims against the State Defendants in the Amended Complaint. *See* Am. Compl. As a result, the State Defendants now maintain that the Amended Complaint should be dismissed as to them because in spite of the dismissal with prejudice, Plaintiffs now assert virtually identical claims against the State Defendants. State Defs. Br. at 5. "A 'dismissal with prejudice' means that a claim is *conclusively* dismissed, and the court denies the litigant an opportunity to re-plead that claim." *Velazquez v. Zickerfoose*, No. 11-2459, 2014 WL 6611058, at *5 n.9 (D.N.J. Nov. 21, 2014). The State Defendants' motion, therefore, is granted.

#### B. Allstate Defendants' Motion

The Allstate Defendants argue that the Amended Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6). Critically, the Allstate Defendants contend that the Amended Complaint is virtually identical to the initial Complaint, and that Plaintiffs made no attempt to cure the identified shortcomings of the Complaint. Allstate Defs. Br. at 2. The Court agrees with the Allstate Defendants, and addresses each claim below.

##### 1. Count One - Section 1983

Section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. County of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14,

2015).  A person "acting under color of state law" is a person whose power is derived from state law or whose action is "made possible only because the wrongdoer is clothed with the authority of state law."  *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks omitted).[3]

Plaintiffs' Section 1983 claim was previously dismissed because Plaintiffs failed to plead that any of the Allstate Defendants were state actors.  Jan. 7 Opinion at 9.  In the Amended Complaint, Plaintiffs still acknowledge that Allstate is a private corporation, Am. Compl. at 3, and still allege in a conclusory manner that Allstate is acting in collusion with the State of New Jersey, *id.* at 12-13.  Plaintiffs, however, still fail to provide any facts to substantiate their allegation or through which the Court could infer that any of the Allstate Defendants are state actors.  As a result, Count One is dismissed as to the Allstate Defendants.

### 2. Count Two - Section 1981

As discussed in the January 7 Opinion, to state a § 1981 claim, a plaintiff must allege that (1) he "is a member of a racial minority; (2) intent to discriminate on the basis of the race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts."  *Id.* at 9-10 (quoting *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)).  Plaintiffs' § 1981 claim was previously dismissed because Plaintiffs only pled conclusory allegations regarding the Allstate Defendants' intent to discriminate.  Jan. 7 Opinion at 10.  Plaintiffs' § 1981 claim in the Amended Complaint fares no better.  Although Plaintiffs now provide a list of physicians of Indian descent who were allegedly prosecuted by Allstate, *see* Am. Compl. at 14, Plaintiffs still fail to plead facts demonstrating an intent to discriminate or actual discrimination.  Count Two is therefore

---

[3] The terms "under color of law" and "state action" are interpreted identically.  *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

dismissed.

### 2. Count Three – Section 1985(2)

To state a claim under Section 1985(2), Plaintiffs must, among other things, "set forth facts from which a conspiratorial agreement between the defendants can be inferred." *Parrott v. Abramsen*, 200 F. App'x 163, 165 (3d Cir. 2006). Civil rights conspiracies "require a 'meeting of the minds,' and to survive a motion to dismiss, plaintiffs must provide some factual basis to support the existence of the elements of a conspiracy, namely agreement and concerted action." *Voth v. Hoffman*, No. 14-7582, 2016 WL 7535374, at *9 (D.N.J. Apr. 28, 2016) (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008)). Count Three of the Complaint was initially dismissed because Plaintiffs only pled conclusory facts regarding an agreement between Allstate and the State of New Jersey, and because the alleged conspiracy was implausible. Jan. 7 Opinion at 10-11. In the Amended Complaint, Plaintiffs plead no new factual allegations regarding the alleged conspiracy, and still rely solely on allegations that Allstate communicated with the State of New Jersey through secret computer servers, and bribed New Jersey state judges in Morris and Union counties to further the scheme. Such allegations are implausible and would need to be provided by specific factual allegations reflecting an actual secret computer system or actual bribes. In fact, Count Three is identical to the claim as first pled in the Complaint. Consequently, Plaintiffs fail to plead a § 1985 claim and Count Three is dismissed.

### 3. Count Four – Section 1986

"In order to maintain a cause of action under § 1986, the plaintiffs must show the existence of a § 1985 conspiracy." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994). Because Plaintiffs fail to plead a claim for a Section 1985 conspiracy, Plaintiffs' claim for a § 1986 conspiracy also fails. Accordingly, Count Four is dismissed.

When dismissing a claim, a court must grant leave to amend "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id*. at 115. Given Plaintiffs' *legal* theories, the Court has serious concerns that any attempted amendment will be futile. But due to Plaintiffs' *pro se* status, the Court is normally inclined to grant Plaintiffs another opportunity to cure the deficiencies noted herein. However, because the Court's prior opinion set forth the *factual* deficiencies in Plaintiffs' Complaint, and because Plaintiffs have seemingly made no effort to address those shortcomings in the Amended Complaint, the Court infers that Plaintiffs are unable to do so. As a result, any potential amendment would be futile.

## IV.     CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss, D.E. 90, 91, are **GRANTED**. The Amended Complaint is **DISMISSED with prejudice**. An appropriate Order accompanies this Opinion.

Dated: October 20, 2020

_____
John Michael Vazquez, U.S.D.J.